# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN PAUL HASSLER, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>USA. )<br>)<br>Respondent. ) | Civil No. 3:16-cv-01534<br>Judge Trauger |

## **M E M O R A N D U M**

### I. Introduction

Pending before the Court are the Petitioner's *pro se* Motion For Sentence Reduction And Vacatur Of 18 U.S.C. § 922(g)(1) Pursuant To 28 U.S.C. § 2255(f)(3) - Johnson Claim (Docket No. 1), a Notice Regarding Supplemental Pleading (Docket No. 8), filed by counsel for the Petitioner, and the Government's Response (Docket No. 9) in opposition.

For the reasons set forth herein, the Motion For Sentence Reduction And Vacatur Of 18 U.S.C. § 922(g)(1) Pursuant To 28 U.S.C. § 2255(f)(3) - Johnson Claim (Docket No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural Background

In the underlying criminal case, the Petitioner pled guilty, pursuant to a Plea Agreement, to being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Docket Nos. 11, 12, 13, 24 in Case No. 2:06-cr-00020). At the subsequent sentencing hearing, the Court sentenced the Petitioner to a total term of 40 months of imprisonment. (Docket Nos. 25, 26, 27 in Case No. 2:06-cr-00020).

In 2010, the Petitioner filed a Motion To Vacate under 28 U.S.C. § 2255 in Case No.

2:10-cv-00049, which was subsequently dismissed by the Court. (Docket Nos. 10, 11 in Case No. 2:10-cv-00049). On appeal, the Sixth Circuit denied the Petitioner's application for a certificate of appealability. (Docket No. 38 in Case No. 2:10-cv-00049).[1]

III. Analysis

A. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[2] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

---

[1] It does not appear that the Petitioner has obtained permission from the Sixth Circuit to file the pending request for relief. Under 28 U.S.C. §§ 2244(b)(3) and 2255(h), federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request. 28 U.S.C. § 2244; In re: Sims, 111 F.3d 45, 47 (6th Cir. 1997). Even if the Petitioner had obtained such permission, however, the Court would find his request for relief to be without merit for the reasons set forth herein.

[2] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, and records filed in Petitioner's underlying criminal case, as well as the pleadings and briefs filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

B.  Johnson v. United States

The Petitioner requests that the Court apply the decision in Johnson v. United States, 135 S.Ct. 2551 (2015) to reduce his sentence. The Government argues that the Johnson decision does not apply.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

(2) As used in this subsection–

\* \* \*

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*

(Emphasis added). The Johnson Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563. The Supreme Court has subsequently held that the Johnson decision applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

The Sixth Circuit has applied the Johnson decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).[3] United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016).[4]

---

[3] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or

The Petitioner was not sentenced as an Armed Career Criminal or a Career Offender, but the Career Offender Guideline definitions are incorporated into the guideline that was used to determine the Petitioner's base offense level – Sentencing Guideline Section 2K2.1(a)(2).[5] The prior felony convictions used to increase the Petitioner's offense level under that guideline, however, were for "controlled substance offenses," not for "crimes of violence." To the extent

> threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).

[4] In Beckles v. United States, 136 S. Ct. 2510 (2016), the Supreme Court is expected to determine whether Johnson applies to the definition of "crime of violence" set forth in Sentencing Guideline 4B1.2 and incorporated into other guidelines.

[5] Section 2K2.1(a)(2) provides as follows:

> (a) Base Offense Level (Apply the Greatest):
>
> * * *
>
> (2) 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

the Johnson decision calls into question the definition of "crime of violence" for purposes of Sentencing Guideline 2K2.1, that definition was not applied to the Petitioner. Nor was the Petitioner's conviction or sentence based on any other statute or guideline containing language similar to that invalidated in Johnson. Accordingly, the Petitioner's claim is without merit.

IV.  Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

Enter this 9th day of December 2016.

_____
ALETA A. TRAUGER
U.S. District Judge